IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| BOEHRINGER INGELHEIM PHARMACEUTICALS INC., BOEHRINGER INGELHEIM INTERNATIONAL GMBH, and BOEHRINGER INGELHEIM PHARMA GMBH & CO. KG, | ) ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | C.A. No. _____ |
| IPCA LABORATORIES LTD., | ) ) ) | |
| Defendant. | ) | |

## COMPLAINT

Plaintiffs Boehringer Ingelheim Pharmaceuticals Inc., Boehringer Ingelheim International GmbH, and Boehringer Ingelheim Pharma GmbH & Co. KG (collectively, "Boehringer" or "Plaintiffs"), by their undersigned attorneys, for their Complaint against Defendant Ipca Laboratories Ltd. ("Ipca" or "Defendant"), allege as follows:

## NATURE OF THE ACTION

1.     This is an action for patent infringement arising under the Food and Drug Laws and Patent Laws of the United States, Titles 21 and 35 of the United States Code, respectively, arising from Defendants' submission of an Abbreviated New Drug Application ("ANDA") to the Food and Drug Administration ("FDA") seeking approval to manufacture and sell a generic version of Plaintiffs' TRADJENTA® (linagliptin) tablets prior to the expiration of United States Patent Nos. 9,486,526, 10,034,877, and 11,033,552.

**THE PARTIES**

2.     Plaintiff Boehringer Ingelheim Pharmaceuticals Inc. ("BIPI") is a corporation organized and existing under the laws of the State of Delaware, having its principal place of business at 900 Ridgebury Rd., Ridgefield, CT 06877.

3.     Plaintiff Boehringer Ingelheim International GmbH ("BII") is a private limited liability company organized and existing under the laws of Germany, having its principal place of business at Binger Strasse 173, 55216 Ingelheim am Rhein, Germany.

4.     Plaintiff Boehringer Ingelheim Pharma GmbH & Co. KG ("BIPKG") is a limited liability partnership organized and existing under the laws of Germany, having its principal place of business at Binger Strasse 173, 55216 Ingelheim am Rhein, Germany.

5.     BIPI, BII, and BIPKG are collectively referred to hereinafter as "Boehringer" or "Plaintiffs."

6.     On information and belief, Defendant Ipca Laboratories Ltd. is a corporation organized and existing under the laws of India, having its principal place of business at 125 Kandivali Industrial Estate, Kandivali (West), Mumbai 400 067, Maharashtra, India.

7.     Ipca Laboratories Ltd. is referred to hereinafter as "Ipca" or "Defendant."

8.     On information and belief, Ipca is in the business of, among other things, developing, preparing, manufacturing, selling, marketing, and distributing generic drugs, including distributing, selling, and marketing generic drugs throughout the United States, including within the State of Delaware, through its own actions and through the actions of its agents and subsidiaries, from which Ipca derives a substantial portion of its revenue.

9.     On information and belief, Ipca prepared and submitted ANDA No. 220564 (the "Ipca ANDA") for Ipca's 5 mg linagliptin tablets (the "Ipca ANDA Product").

10. On information and belief, Ipca intends to commercially manufacture, market, offer for sale, and sell the Ipca ANDA Product throughout the United States, including in the State of Delaware, in the event the FDA approves the Ipca ANDA.

## JURISDICTION AND VENUE

11. This action arises under the patent laws of the United States, 35 U.S.C. §§ 100 et seq., generally, and 35 U.S.C. § 271(e)(2), specifically, and this Court has jurisdiction over the subject matter of this action under 28 U.S.C. §§ 1331 and 1338(a).

12. Venue is proper in this Court as to Ipca because, among other things, Ipca is an Indian corporation not residing in any United States district and may be sued in any judicial district. 28 U.S.C. § 1391(c).

## PERSONAL JURISDICTION OVER IPCA LABORATORIES LTD.

13. Plaintiffs reallege and incorporate by reference paragraphs 1–12 as if fully set forth herein.

14. On information and belief, Ipca develops, manufactures, and/or distributes generic drugs for sale and use throughout the United States, including in this judicial district.

15. This Court has personal jurisdiction over Ipca because, *inter alia*, Ipca, on information and belief, (1) has substantial, continuous, and systematic contacts with this State either directly or through at least one of its wholly-owned subsidiaries or agents; (2) intends to market, sell, and/or distribute Ipca's infringing ANDA Product to residents of this State upon approval of ANDA No. 220564, either directly or through at least one of its wholly-owned subsidiaries or agents; and (3) enjoys substantial income from sales of its generic pharmaceutical product in this State on its own and through its agents.

16. Alternatively, to the extent the above facts do not establish personal jurisdiction over Ipca, this Court may exercise jurisdiction over Ipca pursuant to Fed. R. Civ. P. 4(k)(2)

because: (a) Plaintiffs' claims arise under federal law; (b) Ipca would be a foreign defendant not subject to personal jurisdiction in the courts of any State; and (c) Ipca has sufficient contacts with the United States as a whole, including, but not limited to, filing an ANDA with the FDA and manufacturing and selling generic pharmaceutical products that are distributed throughout the United States, such that this Court's exercise of jurisdiction over Ipca satisfies due process.

### THE PATENTS-IN-SUIT

17.     On November 8, 2016, the United States Patent and Trademark Office ("PTO") duly and legally issued United States Patent No. 9,486,526 ("the '526 patent") entitled "Treatment for Diabetes in Patients Inappropriate for Metformin Therapy" to inventors Klaus Dugi, Eva Ulrike Graefe-Mody, Ruth Harper, and Hans-Jurgen Woerle. A true and correct copy of the '526 patent is attached at Exhibit 1. Boehringer is the owner of all right, title and interest to the '526 patent, including the right to sue for infringement.

18.     On July 31, 2018, the PTO duly and legally issued United States Patent No. 10,034,877 ("the '877 patent") entitled "Treatment for Diabetes in Patients Inappropriate for Metformin Therapy" to inventors Klaus Dugi, Eva Ulrike Graefe-Mody, Ruth Harper, and Hans-Jurgen Woerle. A true and correct copy of the '877 patent is attached at Exhibit 2. Boehringer is the owner of all right, title and interest to the '877 patent, including the right to sue for infringement.

19.     On June 15, 2021, the PTO duly and legally issued United States Patent No. 11,033,552 (the "'552 patent") entitled "DPP IV Inhibitor Formulations" to inventors Anja Kohlrausch, Patrick Romer, and Gerd Seiffert. A true and correct copy of the '552 patent is attached as Exhibit 3. Boehringer is the owner of all right, title and interest to the '552 patent, including the right to sue for infringement.

4

**TRADJENTA®**

20.     Boehringer is the owner of the approved New Drug Application No. 201280 ("the NDA") for linagliptin, for oral use, in 5 mg dosage, which is sold under the trade name TRADJENTA®.

21.     Pursuant to 21 U.S.C. § 355(b)(1), and attendant FDA regulations, the '526, '877, and '552 patents are listed in the FDA publication, "Approved Drug Products with Therapeutic Equivalence Evaluations" (the "Orange Book"), with respect to TRADJENTA®.

22.     The '526, '877, and '552 patents cover the TRADJENTA® product and/or the use thereof.

**ACTS GIVING RISE TO THIS ACTION**

23.     On information and belief, Ipca submitted the Ipca ANDA to the FDA, pursuant to 21 U.S.C. § 355(j), seeking approval to market the Ipca ANDA Product.

24.     The Ipca ANDA refers to and relies upon the TRADJENTA® NDA and contains data that, according to Ipca, demonstrate the bioequivalence of the Ipca ANDA Product and TRADJENTA®.

25.     Plaintiffs received a letter from Ipca on or about February 11, 2026 (the "Ipca Letter"), stating that Ipca had included a certification in the Ipca ANDA, pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV), that, *inter alia*, certain claims of the '526, '877, and '552 patents are either invalid or will not be infringed by the commercial manufacture, use, or sale of the Ipca ANDA Product. Therefore, Ipca intends to engage in the commercial manufacture, use, offer for sale, and/or sale of the Ipca ANDA Product prior to the expiration of the '526, '877, and '552 patents.

26.     Ipca does not provide substantive reasons as to why that the Ipca ANDA Product will not infringe the claims of the '526, '877, and '552 patents in the Ipca Letter.

27.　　Provided here as a representative claim for exemplary purposes, claim 1 of the '526 patent recites:

1. A method for treating and/or preventing type 2 diabetes mellitus in a patient having moderate or severe chronic renal impairment or end-stage renal disease comprising orally administering to the patient a DPP-4 inhibitor, which is 1-[(4-methyl-quinazolin-2-yl)methyl]-3-methyl-7-(2-butyn-1-yl)-8-(3-(R)-amino-piperidin-1-yl)-xanthine or a pharmaceutically acceptable salt thereof, wherein said DPP-4 inhibitor is administered in an oral dose of 5 mg per day to said patient, wherein metformin therapy for said patient is ineligible due to contraindication against metformin.

28.　　Likewise, provided here as a representative claim for exemplary purposes, claim 1 of the '877 patent recites:

1. A method of treating metabolic diseases in a patient for whom metformin therapy is inappropriate due to at least one contraindication against metformin comprising orally administering to the patient 5 mg of 1-[(4-methyl-quinazolin-2-yl)methyl]-3-methyl-7-(2-butyn-1-yl)-8-(3-(R)-amino-piperidin-1-yl)-xanthine　　per　　day wherein the contraindication is selected from the group consisting of: renal disease, renal impairment or renal dysfunction, unstable or acute congestive heart failure, acute or chronic metabolic acidosis, and hereditary galactose intolerance, wherein no adjustment of the daily dose is required for 1-[(4-methyl-quinazolin-2-yl)methyl]-3-methyl-7-(2-butyn-1-yl)-8-(3-(R)-amino-piperidin-1-yl)-xanthine  in a patient with mild, moderate or severe renal impairment or end-stage renal disease.

29.　　Likewise, provided here as a representative claim for exemplary purposes, claim 1 of the '552 patent recites:

1. A solid-form pharmaceutical composition comprising as an active ingredient 5 mg of a DPP IV inhibitor compound of formula

or a salt thereof, a first diluent, a second diluent, a binder, a disintegrant and a lubricant, wherein the first diluent is mannitol, the second diluent is pregelatinized starch, the binder is copovidone, the disintegrant is corn starch, and the lubricant is magnesium stearate; and wherein the DPP IV inhibitor compound is present in an

amount 0.5-7.0% based on the total weight of DPP IV inhibitor compound, first diluent, second diluent, binder, disintegrant and lubricant.

30.     The Ipca Letter offered confidential access to unspecified portions of the Ipca ANDA ("Offer of Confidential Access" or "OCA") on terms and conditions set by Ipca. Ipca requested that Boehringer accept the terms of the OCA before receiving access to the unspecified portions of the Ipca ANDA.

31.     Since receiving the Ipca Letter, Boehringer has attempted to negotiate with Ipca to obtain a copy of the Ipca ANDA. These negotiations were unsuccessful. Ipca did not agree to Boehringer's proposal or provide a compromise proposal in response, and instead refused to modify the OCA and produce the Ipca ANDA.

32.     Under the Hatch-Waxman Act, an owner of a patented drug must file an action in federal court within 45 days of receiving a Paragraph IV letter in order to receive certain benefits under the Act, including a stay of approval of the generic drug for 30 months during the pendency of litigation, as appropriate. 21 U.S.C. § 355(c)(3)(C). Ipca's refusal to produce its ANDA has hindered Boehringer's ability to consider information that is relevant to its infringement analysis of the '526, '877, and '552 patents. *See Hoffman-La Roche, Inc. v. Invamed, Inc.*, 213 F.3d 1359, 1363–64 (Fed. Cir. 2000).

**COUNT I — INFRINGEMENT OF THE '526 PATENT**

33.     Plaintiffs reallege and incorporate by reference the allegations contained in paragraphs 1–32.

34.     Ipca has infringed at least one claim of the '526 patent, pursuant to 35 U.S.C. § 271(e)(2)(A), by submitting, or causing to be submitted the Ipca ANDA, by which Ipca seeks approval from the FDA to engage in the manufacture, use, offer to sell, sale, or importation of the Ipca ANDA Product prior to the expiration of the '526 patent.

7

35.     Ipca has declared its intent to manufacture, use, offer to sell, or sell in the United States or to import into the United States, the Ipca ANDA Product in the event that the FDA approves the Ipca ANDA. Accordingly, an actual and immediate controversy exists regarding Ipca's infringement of the '526 patent under 35 U.S.C. § 271(b).

36.     Ipca's manufacture, use, offer to sell, or sale of the Ipca ANDA Product in the United States or importation of the Ipca ANDA Product into the United States during the term of the '526 patent would further infringe at least one claim of the '526 patent under 35 U.S.C. § 271(b).

37.     On information and belief, the Ipca ANDA Product, when offered for sale, sold, and/or imported, and when used as directed, would be used in a manner that would directly infringe at least one of the claims of the '526 patent either literally or under the doctrine of equivalents.

38.     On information and belief, Ipca had knowledge of the '526 patent and, by at least its package inserts for its ANDA Product, knows or should know that they will aid and abet another's direct infringement of at least one of the claims of the '526 patent, either literally or under the doctrine of equivalents.

39.     On information and belief, the offering to sell, sale, and/or importation of the Ipca ANDA Product into the United States by Ipca would actively induce infringement of at least one of the claims of the '526 patent, either literally or under the doctrine of equivalents.

40.     Plaintiffs will be substantially and irreparably harmed if Ipca is not enjoined from infringing the '526 patent.

## COUNT II — INFRINGEMENT OF THE '877 PATENT

41.     Plaintiffs reallege and incorporate by reference the allegations contained in paragraphs 1–40.

8

42. Ipca has infringed at least one claim of the '877 patent, pursuant to 35 U.S.C. § 271(e)(2)(A), by submitting, or causing to be submitted the Ipca ANDA, by which Ipca seeks approval from the FDA to engage in the manufacture, use, offer to sell, sale, or importation of the Ipca ANDA Product prior to the expiration of the '877 patent.

43. Ipca has declared its intent to manufacture, use, offer to sell, or sell in the United States or to import into the United States, the Ipca ANDA Product in the event that the FDA approves the Ipca ANDA. Accordingly, an actual and immediate controversy exists regarding Ipca's infringement of the '877 patent under 35 U.S.C. § 271(b).

44. Ipca's manufacture, use, offer to sell, or sale of the Ipca ANDA Product in the United States or importation of the Ipca ANDA Product into the United States during the term of the '877 patent would further infringe at least one claim of the '877 patent under 35 U.S.C. § 271(b).

45. On information and belief, the Ipca ANDA Product, when offered for sale, sold, and/or imported, and when used as directed, would be used in a manner that would directly infringe at least one of the claims of the '877 patent either literally or under the doctrine of equivalents.

46. On information and belief, Ipca had knowledge of the '877 patent and, by at least its package inserts for its ANDA Product, knows or should know that they will aid and abet another's direct infringement of at least one of the claims of the '877 patent, either literally or under the doctrine of equivalents.

47. On information and belief, the offering to sell, sale, and/or importation of the Ipca ANDA Product into the United States by Ipca would actively induce infringement of at least one of the claims of the '877 patent, either literally or under the doctrine of equivalents.

9

48.    Plaintiffs will be substantially and irreparably harmed if Ipca is not enjoined from infringing the '877 patent.

### COUNT III — INFRINGEMENT OF THE '552 PATENT

49.    Plaintiffs reallege and incorporate by reference the allegations contained in paragraphs 1–48.

50.    Ipca has infringed at least one claim of the '552 patent, pursuant to 35 U.S.C. § 271(e)(2)(A), by submitting, or causing to be submitted the Ipca ANDA, by which Ipca seeks approval from the FDA to engage in the manufacture, use, offer to sell, sale, or importation of the Ipca ANDA Product prior to the expiration of the '552 patent.

51.    Ipca has declared its intent to manufacture, use, offer to sell, or sell in the United States or to import into the United States, the Ipca ANDA Product in the event that the FDA approves the Ipca ANDA. Accordingly, an actual and immediate controversy exists regarding Ipca's infringement of the '552 patent under 35 U.S.C. §§ 271 (a), (b), and/or (c).

52.    Ipca's manufacture, use, offer to sell, or sale of the Ipca ANDA Product in the United States or importation of the Ipca ANDA Product into the United States during the term of the '552 patent would further infringe at least one claim of the '552 patent under 35 U.S.C. §§ 271 (a), (b), and/or (c).

53.    On information and belief, the Ipca ANDA Product, when offered for sale, sold, and/or imported, and when used as directed, would be used in a manner that would directly infringe at least one of the claims of the '552 patent either literally or under the doctrine of equivalents.

54.    On information and belief, the use of the Ipca ANDA Product constitutes a material part of at least one of the claims of the '552 patent; Ipca knows that its ANDA Product is especially made or adapted for use in infringing at least one of the claims of the '552 patent, either literally

or under the doctrine of equivalents; and its ANDA Product is not a staple article of commerce or commodity of commerce suitable for substantial noninfringing use.

55.    On information and belief, the offering to sell, sale, and/or importation of the Ipca ANDA Product into the United States would contributorily infringe at least one of the claims of the '552 patent, either literally or under the doctrine of equivalents.

56.    On information and belief, Ipca had knowledge of the '552 patent and, by at least its package inserts for its ANDA Product, knows or should know that they will aid and abet another's direct infringement of at least one of the claims of the '552 patent, either literally or under the doctrine of equivalents.

57.    On information and belief, the offering to sell, sale, and/or importation of the Ipca ANDA Product into the United States by Ipca would actively induce infringement of at least one of the claims of the '552 patent, either literally or under the doctrine of equivalents.

58.    Plaintiffs will be substantially and irreparably harmed if Ipca is not enjoined from infringing the '552 patent.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully request that the Court enter judgment against Ipca and for the following relief:

a.    A judgment that Ipca has infringed at least one claim of the '526, '877, and '552 patents;

b.    A preliminary and permanent injunction pursuant to 35 U.S.C. § 271(e)(4)(B) and/or 35 U.S.C. § 283 enjoining Ipca, its officers, agents, servants, employees, and those persons acting in active concert or participation with all or any of them from: (i) manufacturing, using, offering to sell, or selling the Ipca ANDA Product within the United States, or importing the Ipca

ANDA Product into the United States prior to the expiration of the '526, '877, and '552 patents, and (ii) seeking, obtaining or maintaining approval of the Ipca ANDA until the expiration of the '526, '877, and '552 patents or such other later time as the Court may determine;

c.      A judgment ordering that pursuant to 35 U.S.C. § 271(e)(4)(A), the effective date of any approval of ANDA No. 220564 under § 505(j) of the Federal Food, Drug and Cosmetic Act (21 U.S.C. § 355(j)) shall not be earlier than the latest of the expiration dates of the '526, '877, and '552 patents, including any extensions;

d.      If Ipca manufactures, uses, offers to sell, or sells the Ipca ANDA Product within the United States, or imports the Ipca ANDA Product into the United States, prior to the expiration of any of the '526, '877, and '552 patents, including any extensions, a judgment awarding Plaintiffs monetary relief together with interest;

e.      A judgment that this is an exceptional case and that Plaintiffs be awarded their attorneys' fees incurred in this action pursuant to 35 U.S.C. § 285;

f.      Costs and expenses in this action; and

g.       Such other and further relief as the Court deems just and appropriate.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Megan E. Dellinger*

OF COUNSEL:

Jeanna M. Wacker
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY  10022
(212) 446-4679

Bryan S. Hales
KIRKLAND & ELLIS LLP
333 West Wolf Point Plaza
Chicago, IL  60654
(312) 862-2000

March 26, 2026

Brian P. Egan (#6227)
Megan E. Dellinger (# 5739)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
began@morrisnichols.com
mdellinger@morrisnichols.com

*Attorneys for Plaintiffs*

13